UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ALLEN HUBBELL,

      Plaintiff,
  v.               6:07-CV-109

O.W. HUBBELL & SONS, INC.,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:          OF COUNSEL:

DAVID ALLEN HUBBELL
Plaintiff Pro Se
P.O. Box 171
Fort Walton Beach, Florida 32549

HODGSON RUSS L.L.P.       RICHARD L. WEISZ, ESQ.
Attorneys for Defendant
677 Broadway
Albany, New York 12207

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

    Plaintiff David Allen Hubbell ("plaintiff") brings this action against defendant O.W. Hubbell & Sons, Inc. ("defendant"), for patent infringement under Title 35 of the United States Code. Plaintiff, acting pro se, has filed a slew of motions since commencing this action just over one year ago. Specifically, plaintiff has filed a motion for a preliminary injunction, two motions for partial summary judgment, a motion to amend the complaint, and a motion to direct defendant to provide "third party proof of service time-stamp on mailed correspondence." All of those motions will be addressed in this memorandum-decision.

## II. FACTS

Plaintiff is a resident of Florida. Defendant O.W. Hubbell & Sons, Inc., is a New York corporation in the business of galvanizing highway guardrails and signs. Plaintiff and defendant's president, Daniel Merritt Hubbell, are brothers.

In 1997, plaintiff and his brother Daniel ("Hubbell brothers") entered into a joint venture with Les Bois de Tertu, E.U.R.L. ("LBT"), a French corporation, to manufacture and distribute metal-reinforced wooden roadway guardrails in the United States and Canada. To that end, the Hubbell brothers and LBT formed Structures of Ironwood, L.L.C. ("SOI"), and executed an operating agreement which became effective on January 1, 1999. Under the operating agreement, the Hubbell brothers assumed managerial responsibility and each took a 25% ownership interest in SOI, while LBT took a 50% ownership interest in SOI.

Concurrently, LBT and SOI executed an agreement whereby the former gave the latter a license to manufacture and distribute its patented cylindrical metal-reinforced wooden guardrails. SOI began manufacturing and distributing guardrails based on LBT's patent.

In August 2002, LBT withdrew as a member of SOI. It is unclear whether LBT's withdrawal from the venture resulted in the termination of the license agreement. In any event, it appears that LBT continued to license its patent to SOI and SOI continued to pay royalties to LBT for the sale of guardrails based on the patent.

At plaintiff's suggestion, SOI began manufacturing and distributing a square guardrail, i.e., one with a square cross section. SOI paid royalties to LBT for sales of both the cylindrical and square guardrails.

In August 2003, plaintiff obtained authority from the Federal Highway Administration, apparently on behalf of SOI, to use a rectangular guardrail, i.e., one with a rectangular cross-section.

In October 2004, plaintiff applied for a patent on a square guardrail and in September 2006, the U.S. Patent and Trademark Office issued a patent to plaintiff titled "wood guardrail for roadways" with the claim being "[t]he ornamental design for a wood guardrail for roadways, as shown and described." (Pl.'s Prelim. Inj. Mem. Ex. Q.) The patent describes and shows drawings of a metal-reinforced wooden guardrail similar to LBT's patented guardrail, but square and with beveled edges.

During the summer of 2006, plaintiff and his brother Daniel became embroiled in an unrelated financial dispute. After the patent issued in September, plaintiff demanded that defendant cease and desist from manufacturing and distributing square guardrails. Defendant refused. Plaintiff filed this action on January 30, 2007.

## III. DISCUSSION

### A. Motion for Preliminary Injunction

To obtain a preliminary injunction, a patentee must show that (1) there is a reasonable likelihood of success on the merits; (2) it would suffer irreparable harm in the absence of injunctive relief; (3) the balance of hardships tips in its favor; and (4) the injunction would favorably impact the public interest. Jack Guttman, Inc. v. Kopykake Enterprises, Inc., 302 F.3d 1352, 1356 (Fed. Cir. 2002); Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001). A clear showing that there is a reasonable likelihood of success on the merits – or, in other words, a clear showing of patent validity and infringement – entitles the patentee to a rebuttable presumption of

irreparable harm.  Jack Guttman, 302 F.3d at 1356.  However, if the defendant raises a substantial question as to patent validity or infringement, e.g., by asserting a defense that the patentee cannot prove lacks substantial merit, the patentee is not entitled to a preliminary injunction.  Amazon.com, 239 F.3d at 1350-51.

In this case, defendant has raised substantial questions as to the validity and infringement of plaintiff's patent.  As to its validity, defendant has produced evidence that SOI was manufacturing and distributing square guardrails more than one year before plaintiff applied for the patent.  That would render plaintiff's patent invalid under 35 U.S.C. § 102(b) ("A person shall be entitled to a patent unless . . . the invention was . . . in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States").  Moreover, defendant has raised questions as to whether plaintiff's patent belongs to SOI, or LBT as a modified version of its patent.  Plaintiff simply has not shown that defendant's positions lack substantial merit and, thus, has not made a clear showing of patent validity.

As to infringement, defendant asserts that plaintiff has failed to establish, even preliminarily, that SOI's square guardrails meet each claim limitation either literally or under the doctrine of equivalents.  See Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc., 289 F.3d 801, 812 (Fed. Cir. 2002).  Plaintiff notes that "[t]he defendant, O.W., has offered NO photos, NO drawings, NO renderings, or even a detailed written description of the 'Wood Guardrail for Roadways' product O.W. is manufacturing and selling and claims does not infringe '200 patent."  (Pl.'s Reply Mem. 2.)  Interestingly, neither has plaintiff.  Thus, he has not made a clear showing of patent infringement.

Therefore, plaintiff's motion for a preliminary injunction will be denied.

## B. Motions for Partial Summary Judgment

Plaintiff moves for summary judgment on defendant's First (and only) Counterclaim, its Third, Fourth, and Fifth Affirmative Defenses, and its defense that it had a licence to use the patent.[1]

Summary judgment is granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986); Silver v. City Univ. of New York, 947 F.2d 1021, 1022 (2d Cir. 1991). The court will not try issues of fact on a motion for summary judgment, rather it will determine "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 57 (2d Cir. 1997). In determining whether a genuine issue of material fact exists, a

---

[1] It is unclear whether plaintiff also moves for summary judgment on the substantive patent infringement claim; however, assuming that he does, defendant has raised genuine issues of material fact with respect to both the validity and the infringement of plaintiff's patent. The issues of fact raised by defendant generally mirror those raised in opposition to plaintiff's motion for a preliminary injunction. (See Pt. III.A.) Therefore, assuming plaintiff does indeed move for summary judgment on the substantive patent infringement claim, that motion will be denied.

court must resolve all ambiguities and draw all reasonable inferences against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Gibbs-Alfano v. Burton, 281 F.3d 12, 18 (2d Cir. 2002).

### 1. Counterclaim

Plaintiff moves for summary judgment dismissing defendant's Counterclaim, which seeks a declaratory judgment that plaintiff's patent is invalid and has not been infringed, on the ground that it is redundant. Plaintiff argues that the Counterclaim is mere "procedural fencing" and defendant is "simply attempting to recast itself as the Plaintiff." (Pl.'s Summ. J. Reply Mem. 4.) If plaintiff also had asserted a claim for a declaratory judgment on the validity and infringement of the patent, his argument might be more persuasive. However, he has not asserted such a claim and, thus, defendant's Counterclaim is not redundant. Therefore, plaintiff's motion for summary judgment dismissing defendant's Counterclaim will be denied.

### 2. Affirmative Defenses

Plaintiff also seeks to have defendant's Third, Fourth, and Fifth Affirmative Defenses stricken. Motions to strike affirmative defenses are generally disfavored as they usually serve only to delay. See Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). In this case, plaintiff's motion to strike defendant's affirmative defenses would only serve to delay. Moreover, defendant's Third Affirmative Defense is adequately supported by inferential allegations and evidence, and plaintiff offers no coherent or persuasive arguments in favor of striking defendant's Fourth and Fifth Affirmative Defenses. Therefore, plaintiff's motion for summary judgment striking defendant's Third, Fourth, and Fifth Affirmative Defenses will be denied.

### 3. License Defense

Finally, plaintiff seeks to have defendant's defense that it had a licence to use his patent stricken on the ground that it did not assert that defense in its responsive pleadings. Defendant's <u>First</u> Affirmative Defense, which asserts that plaintiff's patent has not been infringed by defendant, encompasses the license defense. Therefore, plaintiff's motion for summary judgment striking defendant's license defense will be denied.

### C. Other Motions

In light of plaintiff's pro se status, his motion to amend the complaint to include a request for damages under 35 U.S.C. § 289 will be granted. The proposed amended complaint included with plaintiff's motion (Docket No. 35 at 3-21) will suffice as the amended complaint. Moreover, plaintiff has already made and defendant has already responded to allegations that form the basis of a request for damages under § 289. Thus, there is no need for either party to submit any additional filings with respect to this issue.

Plaintiff's motion to direct defendant to provide "third party proof of service time-stamp on mailed correspondence," however, will be denied.

## IV. CONCLUSION

Accordingly, it is

ORDERED that

1. Plaintiff's motion for a preliminary injunction (Docket No. 3) is DENIED;

2. Plaintiff's motions for partial summary judgment (Docket Nos. 40 & 66) are DENIED;

3. Plaintiff's motion to amend the complaint to include a request for damages under 35 U.S.C. § 289 (Docket No. 35) is GRANTED; and

    4. Plaintiff's motion to direct defendant to provide "third party proof of service time-stamp on mailed correspondence" (Docket No. 51) is DENIED.

    IT IS SO ORDERED.

_____
United States District Judge

Dated: February 26, 2008
       Utica, New York.